# Charles Madera and others, plaintiffs in error, *vs.* George W. Jones, for the use of Charles Sample, defendent in error.

### *Error to Desmoines*

The law in force at the time a note is made, must determine its character; and so far as regards the substantive features of a contract, a note once under seal, is always under seal.

Any device which intimates the intention of a party to append a seal to a note, is sufficient to render the note a sealed instrument.

A correct copy of the note appended to the declaration cures any misrecital of it in the body.

This was an action of debt, brought by George W. Jones, for the use of Charles Sample, against Charles Madera, William Guffy and Solomon Sherfey, in the District Court of Desmoines county, on a note of which the following is a copy :

" $400

"Two years after the date hereof, for value received, we promise to pay Lucindia Jones, or order the sum of four hundred dollars, for the payment of which, we bind ourselves, our heirs, &c. Witness our hands this 14th day of April, A. D. 1838.

"CHARLES MADERA, [SEAL.]
"WM. GUFFY,        [SEAL.]
"SOLOMON SHERFY, [SEAL"]

"I do assign the within note to Geo. W. Jones.

"LUCINDIA JONES, [SEAL."]

Also indorsed, "G. W. Jones."

The declaration is in the usual form, setting out the writing obligatory, the endorsments, &c., with a copy subjoined.

Plea, non est factum.

Judgment at February term 1841, for plaintiff, for $400 debt, and $25,65 damages and costs.

The defendants below seek to reverse the judgment for the following errors assigned :

1. The declaration sets forth a writing obligatory, as the ground of action, and the writing given in evidence on which judgment is rendered, is a promissory note.

2. There is a variance between the writing declared on, and the one given in evidence, in this, to wit : the declaration sets out a writing signed by Charles Madera, William Guffey and Solomon Sherfey, and the writing produced, is signed by Charles Madera, & Co., William Guffy and Solomon Sherfey.

3. The judgment is against Charles Madera, et al, and not against the defendants by the names in which they were sued.

D. RORER, for plaintiffs in error.

M. D. BROWNING and GRIMES & STARR, for defendant in error.

BY THE COURT, MASON, CHEIF JUSTICE.—The errors assigned in this case are,

1. The declaration sets forth a writing obligatory as the ground of action, and the writing given in evidence and on which judgment is rendered, is a promissory note.

2. There is a variance between the writing declared on and the one given in evidence, in this, to wit : the declaration sets out a writing, signed by Charles Madera, William Guffy and Solomon Sherfey, and the writing produced, is signed by Charles Madera, & Co., William Guffey and Solomon Sherfey.

3. The judgment is against Charles Madera, et al, and not against the defendants by the names in which they are sued.

In regard to the first error assigned the argument for the plaintiff in error proceeds upon a false basis. The law in force at the time the contract was made, must determine whether the instrument was under seal or not. It is true, that subsequent legislation might so far have affected the contract as to have authorized assumpsit to be brought, where debt only lay at the time the instrument was executed. This relates merely to the remedy. But so far as regards the substantive features of a contract, an instrument once under seal is always under seal.

The law in force at the time this instrument was executed, gave to every instrument to which the person executing the same, should affix *any device by way of seal*, the same force and obligation as if it were actually sealed. See Michigan statutes, page 516.

Any device therefore, which intimates the intention of the party to that effect, is sufficient to render the writing a sealed instrument. From the copy of the writing sued on, as set forth in the record, it appeared that not only is a scrawl affixed to each of the names of the parties executing it, but the word " seal" is written within each of these scrawls. This, we think, is clearly sufficient to show that these devices were affixed by way of seal, and that the instrument was therefore a writing obligatory.

The second error assigned, would be material, were not a correct copy of the instrument appended to the declaration. The case in this respect, is therefore brought within the rule adopted in that of Walker & Eno vs. Ayres. The objection for a variance comes too late.

The third error assigned seems founded on a mistake in point of fact. The transcript of the record shows that judgment was rendered against all the defendants, by their names set forth in full.

The judgment below will therefore be affirmed.